A. J. GORDON V. THE STATE.

No. 10835.   Delivered March 9, 1927.

Rehearing denied January 11, 1928.

Second rehearing denied March 14, 1928.

</div>

1.—**Theft of One Mule—No Statement of Facts—Nor Bill of Exceptions—Transcript Incomplete.**

There being neither a statement of facts, nor bill of exceptions in this record, and the transcript contains no charge of the court, the appeal is dismissed for lack of a proper transcript.

<div align="center">

ON MOTION TO REINSTATE APPEAL.

</div>

2.—**Same—Transcript on Appeal—Properly Corrected.**

Where the transcript on appeal does not contain a copy of the court's charge, but a duly certified copy of the charge is filed in this court, the dismissal of the appeal is set aside.   No errors appearing, the judgment is affirmed.

<div align="center">

ON REHEARING.

</div>

3.—**Same—Transcript Corrected—Reconsidered.**

On rehearing appellant has corrected the transcript in this case, but as corrected no bill of exception taken to any action of the trial court, or

in any matter of procedure, appears. Finding no ground for reversal, appellant's motion for rehearing is overruled.

ON SECOND MOTION FOR REHEARING.

4.—Mule Theft—Second Motion for Rehearing—Correction Record—Practice on Appeal.

Where, on motion for rehearing, both appellant and the state have corrections made in the record without requesting or the issuance of a writ of certiorari. A request to file a second motion for rehearing complaining of our consideration of the original motion without the issuance of a certiorari, and containing matters entirely de hors the record, will not be granted, nor will any further motions to reopen · this case be considered.

Appeal from the District Court of Foard County. Tried below before the Hon. Robert Cole, Judge.

Appeal from a conviction for theft of one mule, penalty two years in the penitentiary.

The opinion states the case.

*R. D. Pittman* of Wichita Falls, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for theft of one mule; punishment, two years in the penitentiary.

This case is before us without any statement of facts. However, we notice that the record contains no caption, nor is the charge of the court below set out. We deem it requisite that the transcript contain these two things. For lack of same, the appeal is dismissed.

*Dismissed.*

ON MOTION TO REINSTATE APPEAL.

LATTIMORE, JUDGE.—Appellant has filed in the transcript a certified copy of a correct caption, and now asks that the case be considered upon its merits.

He insists that a reversal should be ordered for the reason that the original transcript contained no charge of the court. A duly certified copy of the charge which had been omitted from the transcript when originally filed with this court, appears

in the record. The dismissal is set aside, the case considered on its merits, and, no error appearing, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—This case was affirmed, after setting aside an order dismissing the appeal. Appellant filed a motion for rehearing and in conjunction therewith asked for a writ of certiorari to perfect the record, alleging that a number of material and proper parts of the record had been omitted by the clerk of the trial court in the preparation of the transcript herein. Appellant's request for certiorari was granted, the writ issued, and there appears now in the record what may be denominated a supplemental transcript. This has been carefully examined. Neither in the original transcript nor in the supplemental does there appear any bill of exceptions to any action taken by the learned trial judge either in the acceptance or rejection of testimony, or in any matter of procedure. The facts in this case appear to amply support the conclusion reached by the jury. We are unable to give effect to any of the matters set up in the motion for rehearing which do not appear from the record.

The motion for rehearing will be overruled.

*Overruled.*

### APPLICATION FOR LEAVE TO FILE SECOND MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We sincerely trust that what we say here in denying appellant leave to file second motion for rehearing will be taken as final in this case. The case came to our desk originally without caption to the transcript, with no charge of the court, or statement of facts. Following our custom, the appeal was dismissed for want of a caption, and attention called to the other defects. Appellant filed a motion for rehearing, and without the formality of a certiorari sent up a corrected caption. In the meantime the State's Attorney with this court also without the formality of a certiorari had procured and filed here a duly certified copy of the charge given by the court below. No question of the correctness of either appearing, and no objections being filed, we considered both the caption and the charge, and no error appearing in the record, we directed an affirmance. Thereupon appellant filed a motion for rehearing, accompanying same by a request for certiorari, and he enumer-

ated various parts of the transcript proper which he averred had been omitted. Being, as always, desirous of according to the accused every right and responding to his request that he be not injured as the result of the inexperience of a district clerk, we ordered the issuance of the writ of certiorari prayed for. Same was issued, and in response to it the clerk of the court below prepared a complete transcript and forwarded same to the clerk of this court who duly filed it. Later the motion for rehearing coming on was submitted and upon a full consideration of the charge, the caption and the entire record the judgment of the lower court was affirmed.

Appellant now seeks to have his second motion for rehearing filed and considered in which he says we erred in considering the charge of the court sent here without certiorari. This, as other documents filed herein, is accompanied by statements and representations about this case and this appellant and his surroundings and the attitude of the officers of the county of the prosecution, which have no place at all in documents coming to this court. We are loath to call attention to such matters, and if occurring in but a casual connection in some case we would not notice same further than to decline to be influenced thereby, but when such statements and representations are repeated again and again we can but characterize such conduct as reprehensible in the extreme. The fact that cases against co-defendants with this appellant have been dismissed and that the officers are willing to dismiss this one in the event of a reversal, and the unfortunate surrounding of the accused are not matters which can be represented to this court, and this fact should be well known to all attorneys. Such matters are for the Governor and not for us.

The motion is denied.

*Motion denied.*